UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY RODGERS,          )
                        )
         Plaintiff,     )
                        )
    v.                  )          15-4148
                        )
SALVADOR A. GODINEZ, *et al.*,  )
                        )
         Defendant.     )

MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated in the Hill Correctional Center (Hill), was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to confirm the court's interpretation of the plaintiff's allegations.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that in 2012, Hill implemented a pilot program to reduce the daily meals from 3 to 2, and they have now made that pilot program permanent. He claims that inmates are fed at 4:00 p.m. and then not again until 9:00 the next morning. The plaintiff alleges that the two meals do not contain enough calories, are not well balanced, contain too much soy, and do not follow the master Illinois Department of Corrections' menu. Plaintiff states he has lost over 32 pounds, involuntarily. He also alleges that inmate servers scoop up the food with gloved hands instead of serving utensils, which he believes is unsanitary, as well as resulting in too small of portions. He seeks to certify a class action and for an injunction to end the "brunch" program. (Compl., d/e #1 at p. 30.) The plaintiff alleges that every named defendant was personally involved in creating or continuing the brunch program.

The plaintiff's allegations state a plausible Eighth Amendment claim that Hill Correctional Center is not providing the plaintiff with meals adequate in nutritional and caloric value. *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)("'[T]he State must provide an inmate with a "healthy, habitable environment." This includes providing nutritionally adequate

food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'")(quoted cite omitted).

To the extent the plaintiff seeks to certify a class action, his request is denied because he is pro se. Howard v. Pollard, --- F.3d ---. 2015 WL 9466233 (7th Cir. 2015)(Denial of class certification because a plaintiff is pro se is "*generally* not an abuse of discretion.")(emphasis in original). Additionally, to the extent the plaintiff seeks preliminary injunctive relief, he has not made the showing required to warrant such relief. Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, 549 F.3d 1079, 1085 (7th Cir. 2008)( "'[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'")(quoted cite omitted). Plaintiff's request for permanent injunctive relief will be ruled on after the merits of his claim are determined in the ordinary course.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for an alleged lack of adequate nutrition and calories in the meals provided at the Hill Correctional Center. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

Entered this 30th day of December, 2015.

_____s/Harold A. Baker_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE